# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHRISTOPHER STEELE
Vs.
FANNIE MAE, INC.

C.A. No. 2013 CA 004307 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH N MACALUSO
Date: June 25, 2013
Initial Conference: 9:30 am, Friday, September 27, 2013
Location: Courtroom 415
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

# Superior Court of the District of Columbia
## CIVIL DIVISION

500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Christopher Steele
Plaintiff

vs.

Case Number 13-0004307

Fannie Mae Inc.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se Christopher Steele
Name of Plaintiff's Attorney

2152 Haven Oak Ct.
Address
Abingdon, MD 21009

(417) 504 4542
Telephone

*Clerk of the Court*

By ____________________
Deputy Clerk

Date 06/[illegible]

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Christopher Steele, ) Case No.:
Plaintiff, )
Vs. )
Fannie Mae, Inc, )
3900 Wisconsin Ave NW )
Washington, DC )
Defendant, )

13-0004307

RECEIVED
C[illegible] Office
JUN 25 2013
Super[illegible]
District [illegible] of the
[illegible]olumbia
Washington, D.C.

COMPLAINT

Plaintiff Christopher Steele brings forth the following causes of action and alleges the following:

1. Plaintiff is an individual and resident of Abingdon, MD, USA.
2. Defendant is a corporation and at the time of this complaint, a resident of Washington DC, USA.
3. On April 16, 2013 Plaintiff accepted an offer for employment with Defendant's Process Improvement Group for an annual salary of $122,000 and a signing bonus of $5000 pending successful completion of a background check
4. On April 24, 2013 Defendant's agent Sandeep Koshla of the recruiting department informed Plaintiff that the background check was successful and agreed on a start date of May 6, 2013
5. On April 29th plaintiff informed Farley Price and Sandeep Koshla that he had received an offer from a company with a much shorter commute and was considering accepting it.
6. On April 30, 2013 plaintiff declined the offer from the other company in favor of Fannie Mae.
7. On May 6, 2013 plaintiff arrived for work, attended orientation, met with direct supervisor Farley Price and spent day on administrative tasks

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

8. On May 7, 2013 plaintiff informed Defendant through its agents Farley Price and Ana Lapera that due to a strained relationship with his father he had changed his legal name from Christopher Ferguson to Christopher Steele; and that his Passport being submitted for I9 documentation purposes would reflect the name Christopher Steele. Plaintiff also explained that he did not think to include the name Christopher Steele during the initial background check since he has never actually used that name due to strong concerns expressed by his mother and siblings. Plaintiff further explained that with the exception of his passport, his entire history and all identifying documents reflect his name as Christopher Ferguson; and that his daughter's surname is also Ferguson.
9. On May 8, 2013 plaintiff met with Defendant's agents Farley Price (Director of Process Improvement) and Chantel Harris (Director Human Resources). During this meeting, plaintiff was informed that an updated background check was required for the name Christopher Steele as that name was not included in the initial check. Plaintiff was also explicitly informed that he would be placed on administrative leave while the updated background check was processed; and that so long as the updated background check turned up no previously unidentified issues he would be allowed to continue employment. Chantel Harris further stated to plaintiff that she had other options at her disposal but decided against a termination and that she would try and have the background check completed by Friday May 10th. Plaintiff thanked both Chantel and Farley and left the office believing the administrative leave will be cancelled once the updated background check is completed.
10. On May 10, 2013 plaintiff attempted to contact via email and phone, his immediate supervisor Farley Price as well as Fannie Mae personnel Sandeep Koshla and Ted Pines who were responsible for performing the updated background check. Plaintiff received no responses to voicemails or emails.
11. On May 13, 2013 plaintiff again tried contacting Farley Price, Sandeep Koshla and Ted Pines via phone and email but received no response.

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

12. On May 14, 2013 plaintiff received a voicemail from Sandeep Koshla informing him that a preliminary decision was made to rescind his employment offer and that a letter would be arriving in the mail with additional details. Plaintiff again unsuccessfully attempted to contact Farley Price, and Sandeep Koshla. Plaintiff then left voicemail with the hiring manager for a position he had declined in favor of Fannie Mae on April 30th 2013
13. On May 15 2013, Plaintiff received a voicemail and email from the hiring manager informing him that the offer was made to, and accepted by, another candidate on May 14th. The hiring manager stated that plaintiff was the preferred candidate, and that had he contacted them the previous week the offer would have been reinstated
14. On May 16, 2013 plaintiff received a letter from Danielle Clarke Fannie Mae Director of Recruiting stating that a preliminary decision was made to rescind the employment offer as he had not indicated the name Christopher Steele on the initial background check.
15. On May 16, 2013 Plaintiff responded to Danielle Clarke via email explaining the circumstances of the situation and that he had already commenced employment effective May 6, 2013 and that during his meeting with Farley Price and Chantel Harris he was placed on administrative leave while an updated background check was performed.
16. On May 18, 2013 plaintiff received a letter from Danielle stating that the offer for employment had been revoked as he had not indicated the name Christopher Steele on the initial background check.
17. On May 21, plaintiff received a copy of the updated background check and confirmed that the results were unchanged from the initial background check.

**COUNT I - Breach of Contract**

Defendant has wrongfully breached contracts entered into with plaintiff

a) Defendant's employment offer and internal policy documents establish valid and enforceable contracts with plaintiff.

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

b) These contracts require defendant pay plaintiff $5000 signing bonus and provide full compensation and benefits to plaintiff while he is on administrative leave. The contracts also require department leaders clearly communicate to plaintiff any decision to terminate his employment

c) Defendant breached their contractual obligation by refusing to pay plaintiff's signing bonus and wages while he is on administrative leave, and by not communicating the status of plaintiff's employment to him

d) Defendant's breach of contract caused plaintiff damages including:

   i. Lost wages and signing bonus

   ii. Unexpected medical expenses for treatment plaintiff sought for himself and his infant daughter while believing that he had health coverage

   iii. Loss of employment opportunity with a separate company due to defendant's failure to inform plaintiff of their intention to terminate his employment

**COUNT II - Promissory Estoppel**

Defendant's employment offer and policy documents made the following promises to plaintiff:

a) $5000 signing bonus to be paid along with plaintiff's first scheduled paycheck.

b) Annual salary of $122,000 to be paid in bi-weekly amount of $4,692.30

c) Benefits including health, dental and vision coverage for plaintiff and his dependents

d) Full pay and benefits will be provided during duration of administrative leave

e) Department leaders would clearly communicate to plaintiff any decision to terminate his employment

Plaintiff relied on defendant's promises and believed his position to be secure and permanent. As result of his reliance plaintiff suffered actual damages of:

a) Lost wages and signing bonus

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

b) unexpected medical expenses for treatment plaintiff sought for himself and his infant daughter while believing that he had health coverage

c) Loss of employment opportunity with a separate company due to defendant's failure to inform plaintiff of their intention to terminate his employment

**Count III Fraudulent Misrepresentation**

Defendant's agents were in positions that enabled them to exercise significant influence on plaintiff's actions with regards to his employment status. They either knew or should have known of the intention to rescind plaintiff's employment.

a) Defendant knowingly and willfully mislead plaintiff into believing that his employment with Fannie Mae would not be terminated so long as the updated background check returned no previously unidentified issue.

b) No previously unidentified issues were found on the Updated background check

c) Due to plaintiff's reliance on defendant's statements about his employment he made no attempt to follow up on offers he had recently declined.

d) Had plaintiff been informed that the offer was to be rescinded on May 7th when he first informed his superiors of the name change, he would have been able to secure similar employment elsewhere

**COUNT IV - Intentional Infliction of Emotional Distress**

Defendant's conduct as listed below was extreme and outrageous:

a) Defendant abused its positions of influence and intentionally lead plaintiff to believe that his employment was secure while intending to rescind plaintiff's employment offer

b) Defendant was aware that plaintiff had very recently declined another job offer and should have been cognizant of the importance of being truthful to plaintiff about his employment status on May 7, 2013 when plaintiff first informed them

Christopher Steele
2152 Haven Oak CT
Abingdon, MD 21009
(917) 504-4542

of the name change. Instead plaintiff did not receive notice of defendant's intention to rescind his employment until May 18th

c) Defendant disregarded plaintiff's clear vulnerability to suffer significant financial harm from their actions.

d) Defendant refused to communicate with plaintiff while offering no explanation for their actions causing plaintiff significant anxiety

Defendant's actions has caused plaintiff severe emotional distress:

a) Plaintiff has lost the ability to effectively provide for his family leading to increased stress and conflict within his family.

b) After declining 3 job offers in favor of Fannie Mae, plaintiff currently has no employment prospects and may have to relocate his family to another state causing him additional emotional hardship.

c) As a result of defendant's actions plaintiff suffers from anxiety, depression and insomnia resulting in him being placed on medications for which he previously had no need.

WHEREFORE, Plaintiff requests that this court enters judgment against Defendant providing the following relief:

a) Compensatory damages in excess of $78,000 exclusive of costs and interests

b) Punitive/exemplary damages against defendant in whatever amount exclusive of costs an interests plaintiff is found to be entitled

c) An award of interests costs court costs and attorney's fees

d) Any other remedies provided pursuant to Federal and District of Columbia laws and regulations

e) Such other and further relief as the court deems appropriate

Dated this 25th day of June, 2013

Christopher Steele

District of Columbia, SS

Subscribed and Sworn before me this 25 day of June 2013

Brian K. Price-Notary Public, DC
My Commission Expires August 31, 2014

BRIAN K PRICE NOTARY PUBLIC DISTRICT OF COLUMBIA