UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13-01089 (RCL) |
| | ) | |
| FANNIE MAE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Now before the Court is the Defendant's Motion to Compel Arbitration [4]. Upon consideration of Defendant's Memorandum in Support of its Motion to Compel Arbitration [4-1], Plaintiff's Opposition Motion [5], and Defendant's Reply Memorandum [7], the Court will DENY Plaintiff's motion.

### I. BACKGROUND

On April 16, Plaintiff Steele received a letter from Fannie Mae offering employment. That letter included several terms and conditions of employment, including an acknowledgement that by accepting employment, Mr. Steele was agreeing to be bound by Fannie Mae's Dispute Resolution Policy. Among other things, the Policy requires that Fannie Mae and its employees submit certain employment disputes to mandatory pre-litigation arbitration. Due to a strange course of events not relevant to the question currently before the court, Mr. Steele worked at the Fannie Mae facilities for 22.5 hours beginning on May 6—primarily engaged in orientation and training activities—before being placed on administrative leave during which Fannie Mae was

reportedly completing its pre-hiring procedures. Over the next few days, Mr. Steele continued to be reassured that he would, indeed, be employed with the company. Fannie Mae paid him for the hours he worked. On May 17, however, Mr. Steele received a letter from Fannie Mae notifying him that the company had decided to "rescind his conditional offer of employment and not employ [him]." Pl.'s Opp. Mot. To Compel Arbitration. 6, ECF No. 5. Initially, on May 21, Mr. Steele filed a Demand for Arbitration, alleging many of the same substantive claims (e.g. fraudulent misrepresentation and promissory estoppel) that underlie this civil action. Def.'s Mot. To Compel Arbitration. 1, ECF No. 4-4. The record is clear that when he initially demanded arbitration proceedings, he implicitly and explicitly asserted his belief that he was a bona fide Fannie Mae employee. *Id.*at 5. Approximately one month later, Mr. Steele filed suit in the Superior Court of the District of Columbia. The case was removed to the U.S. District Court, and the Defendant, Fannie Mae, filed its Motion to Compel Arbitration on August 2.

## II. LEGAL STANDARD

A district court must grant a Motion to Compel Arbitration when (1) it finds that the arbitration agreement is valid and enforceable and (2) where the claims raised in the complaint fall within the scope of the arbitration agreement. *Nelson v. Workers' Int'l Ass'n*, 767 F.Supp. 2d 143, 149-50 (2002). Congress has, with the aid of the Supreme Court, created a liberal federal policy that favors arbitration over litigation when arbitral agreements exist. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (asserting that once parties reach a bargain to arbitrate, a party seeking to avoid pre-litigation arbitration bears the substantial burden of showing that Congress never intended its policy of favoring arbitration to apply in such circumstances).

### III. ANALYSIS

The determinative question in this Motion is whether Mr. Steele was ever, in fact, an employee of Fannie Mae. Mr. Steele could only be bound under the otherwise valid Dispute Resolution Policy if he accepted Fannie Mae's offer of employment. But Fannie Mae's explicit communication with Mr. Steele on May 17 is clear: there was no offer to accept. It decided not to employ Mr. Steele. The letter mentions nothing of terminating his employment but rather states that the company had reached the decision to rescind his offer of employment. That rescission released Mr. Steele of any obligations under the Dispute Resolution Policy. The court disagrees with the unsupported proposition by Fannie Mae that the language of its May 17 letter is nothing more than an arbitrary choice of words. They clearly demonstrate Fannie Mae's intent to rescind their offer of employment. If Mr. Steele was in fact an employee, he should have had his employment terminated. That is not what Fannie Mae did.

Fannie Mae argues that under common law, Mr. Steele is clearly an employee. The court is unconvinced. The authorities cited consist primarily of cases arising in the context of respondeat superior and employer liability for tortious employee actions. *See Safeway Stores, Inc. v. Kelly*, 448 A.2d 856 (D.C. 1982); *see also Schecter v. Merchs. Home Delivery, Inc.*, 892 A.2d 415 (D.C. 2006). In this case, the May 17 letter leaves no doubt that Mr. Steele was not an employee, and Mr. Steele's attestations to the contrary in his Demand for Arbitration does not overcome that fact. Is it conceivable, after all, that when the secure rug of promised employment is suddenly pulled out from under an unsuspecting individual, he might feel as if something rightfully his was improperly taken away.

Fannie Mae also argues that if the contract was, in fact, rescinded, that Mr. Steele's underlying claims in the case cannot possibly succeed. The court welcomes such argumentation

at the motion to dismiss for failure to state a claim at the summary judgment stage, but not here. Here, the issue is simply whether there is a valid and enforceable arbitration agreement, and whether the complaint's claims fall within the arbitration agreement's scope. The court does not reach the second step, because Fannie Mae has failed to show that there was a valid and enforceable agreement at all. It did not treat Plaintiff as an employee.

## IV. CONCLUSION

The Court will DENY the motion. An Order shall issue with this opinion.

Signed by Royce C. Lamberth, U.S. District Judge, on September 13, 2013.